ROGERS GROUP, INC., Appellant–
Defendant,

v.

DIAMOND BUILDERS, LLC., Spinda
Food Group, LLC., Victor A. Spina,
William A. Spina, the Peoples State
Bank, and Damons, Appellees–Plain-
tiffs.

No. 55A05–0401–CV–1.

Court of Appeals of Indiana.

Aug. 19, 2005.

Daniel M. Mills, Bloomington, IN, Attor-
ney for Appellant.

Peter R. Foley, Foley Foley & Peden,
Martinsville, IN, Attorney for Appellees.

## Order Denying Verified Motion to Reconsider Order Taxing Costs

KIRSCH, Chief Judge.

### Introduction

■ Appellee Diamond Builders, LLC ("Diamond") filed a verified motion to reconsider the Clerk's order taxing costs.[1] Diamond contends that Appellant Rogers Group, Inc.'s ("Rogers") verified motion for costs was untimely. Because it was not untimely, Diamond's motion to reconsider is denied.

### Background

Rogers appealed the trial court's judgment finding Rogers liable for the cost of repaving a parking lot owned by Diamond. The trial court also denied Rogers' request for attorney fees provided under the paving contract. On October 7, 2004, this Court found that the trial court's conclusion that Diamond's only remedy was the repaving of the entire parking lot was clearly erroneous. *Rogers Group, Inc. v. Diamond Builders, LLC*, 816 N.E.2d 415 (Ind.Ct.App.2004). This Court also found that Rogers was entitled to attorney fees under the paving contract. Accordingly, the trial court was reversed and the case was remanded for further proceedings. *Id.* at 420. Diamond sought transfer, which the Supreme Court denied on March 10, 2005.

On April 26, 2005, Rogers filed its verified motion for costs in the amount of $956.08, pursuant to Indiana Appellate Rule 67. Diamond Builders did not file a response. On June 20, 2005, the Clerk granted Rogers' motion, ordering Diamond to pay the costs within 90 days. On June 29, 2005, Diamond filed its verified motion to reconsider, claiming that Rogers' motion for costs was untimely.

### Discussion and Decision

■ Diamond contends that Rogers' motion was not timely because the Court of Appeals' decision was issued on October 7, 2004 and Rogers did not seek costs until April 26, 2005. Motions for appellate costs are governed by Indiana Appellate Rule 67, which provides:

A. Time for Filing Motion for Costs. Upon a motion by any party within sixty (60) days after the final decision of the Court of Appeals or Supreme Court, the Clerk shall tax costs under this Rule.

B. Components. Costs shall include:

(1) the filing fee, including any fee paid to seek transfer or review;

(2) the cost of preparing the Record on Appeal, including the Transcript, and appendices; and

(3) postage expenses for service of all documents filed with the Clerk.

The Court, in its discretion, may include additional items as permitted by law. Each party shall bear the cost of preparing its own briefs.

Diamond further asserts that under Indiana Appellate Rule 58, the opinion of the Court of Appeals is final except where a petition to transfer has been granted. According to Diamond, because Rule 58 explicitly states that a denial of a petition for transfer has no legal effect, Rogers was required to file its request within 60 days of the date of this Court's original decision, October 7, 2004. *See* Ind.App. R. 58(B).

---

1. Although there appears to be no authority for filing a motion to reconsider, and the Order Granting Costs is not an order from which a party may seek rehearing, *see* Indiana Appellate Rule 54(A), Diamond's motion shall be addressed in order to clarify the term "final" in the context of Indiana Appellate Rule 67 and the potential of this issue recurring in the future.

The term "final" is not defined in our appellate rules. However, reference to Indiana Appellate Rule 65(E) is helpful. Rule 65(E) provides, in relevant part:

> Certification of Opinion or Not–For–Publication Memorandum Decision. The Clerk shall serve uncertified copies of any opinion or not-for-publication memorandum decision by a Court on Appeal to all counsel of record, unrepresented parties, and the trial court at the time the opinion or memorandum decision is handed down. The Clerk shall certify the opinion or memorandum decision to the trial court or Administrative Agency only after the time for all Petitions for Rehearing, Transfer, or Review has expired, unless all the parties request earlier certification. If the Supreme Court grants transfer or review, the Clerk shall not certify any opinion or memorandum decision until final disposition by the Supreme Court. The trial court, Administrative Agency, and parties shall not take any action in reliance upon the opinion or memorandum decision until the opinion or memorandum decision is certified.

■ Accordingly, the Clerk's certification of appellate decisions signals the parties that such a decision is "final." It makes little sense for a party to seek appellate costs if the decision on which the party seeks costs is later reversed or modified on rehearing or transfer.

Here, Rogers filed its motion for costs on April 26, 2005, 47 days after the Supreme Court denied Diamond's petition for transfer. Thus, Rogers' motion was timely under Rule 67, and Diamond's motion to reconsider the Clerk's order taxing costs is denied.

### Conclusion & Order of Publication

Based upon the foregoing, Rogers' motion for costs was timely filed within 60 days of certification of this Court's decision. Accordingly, Diamond's motion to reconsider the Clerk's order taxing costs is denied.

The Clerk of the Court is directed to send a copy of this Order to West Publishing and to all other services to which published orders are normally sent.

BAILEY, SHARPNACK, MAY, J.J., concur.